IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE EUBANKS | : | CIVIL ACTION |
| v. | : | |
| DON FILIPOVICH | : | NO. 12-4299 |

### MEMORANDUM OPINION

Savage, J.                                                          December 27, 2012

      Contending that this court lacks personal jurisdiction, the defendant, Don Filipovich, has moved to dismiss this intentional interference with contractual relations action.[1] Filipovich, a California resident, argues that he does not have sufficient contacts with the Commonwealth of Pennsylvania nor has he purposefully directed any conduct at Pennsylvania. In response, the plaintiff, Eugene Eubanks, asserts that Filipovich caused harm in Pennsylvania and, therefore, he is subject to personal jurisdiction in Pennsylvania based on Pennsylvania's long-arm statute.

      We conclude that Eubanks has not met his burden of establishing personal jurisdiction over Filipovich. He has failed to show that Filipovich has sufficient contacts with Pennsylvania that would justify exercising jurisdiction without offending traditional notions of fair play and substantial justice. He has proffered no evidence that Filipovich

---

[1] Filipovich also asserts that he was not properly served and the complaint fails to state a claim for which relief can be granted.
    The plaintiff, Eugene Eubanks, a Pennsylvania resident, was employed at Infor Global Solutions (Michigan), Inc. He contends that instead of promoting him to group vice president as promised, Filipovich fired him to save Filipovich's own job and to prevent Eubanks from replacing Filipovich.

engaged in any conduct directed at Pennsylvania. Therefore, we shall grant the motion to dismiss for lack of personal jurisdiction.[2]

In considering a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), like one for failure to state a claim under Rule 12(b)(6), we accept as true the plaintiff's allegations and draw all reasonable inferences in favor of the plaintiff. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). However, unlike Rule 12(b)(6), Rule 12(b)(2) does not limit the scope of review to the face of the pleadings. *Id.*; *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 142 & n.1 (3d Cir. 1992). Consideration of affidavits submitted by the parties is appropriate and typically necessary. *Patterson by Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990); *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3rd Cir. 1984) (holding Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings, *i.e.*, whether *in personam* jurisdiction actually lies").

Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of demonstrating facts establishing a basis for the exercise of jurisdiction. *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009); *O'Connor v. Sandy Lane Hotel Co.,* 496 F.3d 312, 316 (3d Cir. 2007). When the parties do not conduct jurisdictional discovery and there is no evidentiary hearing, the plaintiff need only establish a *prima facie* case of personal jurisdiction. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

In reviewing the facts, the plaintiff's allegations are accepted as true, and disputed facts are construed in the light most favorable to the plaintiff. *Id.* Bald

---

[2] Because we dismiss for lack of jurisdiction, we do not address Filipovich's other grounds for dismissal.

assertions and legal conclusions are insufficient. *Kanter v. Barella*, 489 F.3d 170 (3d Cir. 2007) (citing *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)); *see also, e.g.*, *Time Share Vacation Club*, 735 F.2d at 66 (rejecting plaintiff's "bald, self-serving statement" concerning the defendants' contacts with the forum). The plaintiff must show the existence of sufficient contacts between the defendant and the forum. *Pinker*, 292 F.3d at 368. Thus, to meet his burden, the plaintiff must present "competent evidence" demonstrating that the defendant has the requisite minimal contacts with the forum to warrant the exercise of personal jurisdiction over the defendant. *Miller Yacht*, 384 F.3d at 101 n.6 (quoting *Patterson*, 893 F.2d at 603-04); *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000).

To establish personal jurisdiction over a non-resident defendant, the plaintiff must satisfy two requirements. *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010). First, there must be a statutory basis for exercising jurisdiction in accordance with the law of the forum state. *Id.* (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009)). Second, the non-resident defendant must have minimum contacts with the forum state sufficient to satisfy constitutional due process. *Id.*

The plaintiff correctly points out that the Pennsylvania long-arm statute supplies a statutory basis for personal jurisdiction over a California defendant. 42 Pa. Cons. Stat. Ann. § 5301 (West 2012). He relies upon the section that extends jurisdiction over a non-resident defendant who causes "harm or tortious injury in the Commonwealth by an act or omission outside the Commonwealth." 42 Pa. Cons. Stat. Ann. § 5322(a)(4) (West 2012).

The plaintiff still must establish with reasonable particularity that sufficient contacts exist between the defendant and the forum to justify the exercise of jurisdiction. *Pinker*, 292 F.3d at 368. This showing of minimum contacts must comport with the requirements of the Due Process Clause such that "traditional notions of fair play and substantial justice" are not offended by requiring the defendant to appear in court in the forum. *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).[3] The nature of these contacts must be such that the defendant should be reasonably able to anticipate being haled into court in the forum state. *Provident Nat'l Bank*, 819 F.2d at 437 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

There are two bases for personal jurisdiction, general and specific. The focus of general jurisdiction is on the relationship between the defendant and the forum state, not on the relationship of the claims to the forum. *See Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 699 (3d Cir. 1990). The specific jurisdiction inquiry considers the relationship of the litigation to the defendant's contacts with the forum. *Pinker*, 292 F.3d at 368.

Eubanks concedes that there is no basis for exercising general jurisdiction. He relies solely on specific jurisdiction, arguing that Filipovich's Pennsylvania contacts were sufficient under the Pennsylvania long-arm statute.

Specific jurisdiction arises when the cause of action is related to or arises out of the defendant's contacts with the forum and the injury is related to those contacts. *Gen.*

---

[3] Eubanks contends that the second part of the jurisdictional analysis, a determination of whether exercising jurisdiction would comport with notions of fair play and substantial justice, is discretionary. On the contrary, the fair play and substantial justice component of the jurisdictional inquiry is a requirement. *See, e.g., Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 701 (3d Cir. 1990) ("Having determined that there were sufficient minimum contacts, we *must* determine whether the assertion of personal jurisdiction accords with the notions of 'fair play and substantial justice.'") (citations omitted) (emphasis added); *see also O'Connor*, 496 F.3d at 317 ("The inquiry as to whether specific jurisdiction exists has three parts.").

*Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001). In other words, specific jurisdiction exists where the plaintiff's claim arises from the defendant's jurisdictional contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). A single contact may be sufficient where its connection to the forum is substantial. *Miller Yacht*, 384 F.3d at 96.

Specific jurisdiction lies where: (1) the defendant purposefully directed his conduct at the forum; (2) the cause of action arises out of or relates to that conduct; and (3) the exercise of jurisdiction is consistent with fair play and substantial justice. *O'Connor*, 496 F.3d at 317 (citations omitted). Where a defendant, by the nature of his forum-related conduct, could have reasonably anticipated being sued in the forum, he is subject to specific jurisdiction.

The purposeful direction prong of the specific jurisdiction test does not require physical presence in the forum. Nevertheless, it does require deliberate action directed at the forum. The contact must be more than fortuitous or incidental. The defendant must act knowing that his actions will have an effect in the forum. Hence, the defendant's activities must be directed at a citizen in the forum.

The relatedness requirement rests upon the causal connection between the defendant's activities and the effects of that activity in the forum. The link must be close enough to show that the defendant knew it was reasonably foreseeable that he would be subject to personal jurisdiction arising out of his forum-related activity.

The reasonableness test requires that the defendant's conduct or its consequences must have a substantial enough connection with the forum to make the exercise of jurisdiction reasonable. In the end, the determinative factor is whether the

defendant's contacts or consequences of those contacts in the forum are substantial enough to justify exercising jurisdiction without offending traditional notions of fair play and substantial justice.

The fair play analysis considers several factors bearing on the reasonableness of exercising jurisdiction in the forum. They are: the burden on the defendant; the forum's interest in resolving the dispute; the plaintiff's interest in getting convenient and effective relief; the interstate judicial system's interest in obtaining the efficient resolution of controversies; and the procedural and substantive interests of other parties.

Where a defendant has purposefully directed his activities at the forum, reasonableness is presumed. To overcome this presumption, the defendant must demonstrate that other considerations render the exercise of jurisdiction unreasonable.

In this case, Eubanks relies on Pennsylvania's long-arm statute which provides a basis for personal jurisdiction over any defendant who has caused "harm or tortious injury in this Commonwealth by any act or omission occurring outside of this Commonwealth." 42 Pa. Cons. Stat. Ann. § 5322(a)(4). "[T]he fact that harm is felt in Pennsylvania from conduct occurring outside Pennsylvania is not sufficient to satisfy due process unless the defendant targets Pennsylvania through the tortious conduct." *Santana Prods., Inc. v. Bobrick Washroom Equip.*, 14 F. Supp. 2d 710, 715 (M.D. Pa. 1998) (citations omitted). The cause of harm, not merely its effect, has to occur within Pennsylvania. *Stifel v. Lindhorst*, 393 F. Supp. 1085 (M.D. Pa. 1975); *see also Schwilm v. Holbrook*, 661 F.2d 12, 14 (3rd Cir. 1981) ("When personal jurisdiction over a non-resident defendant is asserted on a basis other than consent, physical presence, or doing business, the claim must arise from a specific forum-related act.")

In *Surgical Laser Technologies v. C.R. Bard, Inc.*, 921 F. Supp. 281 (E.D. Pa. 1996), one of the defendants allegedly attempted to sabotage a contract between the plaintiff and its foreign distributor. Addressing the plaintiff's assertion of jurisdiction based on the defendant's tortious conduct causing injury in Pennsylvania under section 5322(a)(4), the court stated:

> [Defendant] has not directed any activity at Pennsylvania: no negotiation, no bid, no bargain, no benefit, no breach, no betrayal. Its alleged interference with [Plaintiff's] contract took place in India, half a world away. . . . While [Defendant] could have reasonably foreseen that [its] activities would cause harm to [Plaintiff] in Pennsylvania, this knowledge, standing alone, does not establish the minimum contacts required for a Pennsylvania court to exercise jurisdiction. Foreseeability of harm within the forum state must be accompanied by conduct directed at the forum state in order for the defendant to reasonably anticipate being haled into the state's court. There is a critical difference between an act which has an effect in the forum and one directed at the forum itself. The bottom line is that any injury that manifested itself within Pennsylvania because of [Defendant's] tortious conduct outside Pennsylvania, although foreseeable, was fortuitous, not purposeful.

*Id.* at 285 (footnotes omitted).

In *Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587 (3d Cir. 1982), the plaintiff, a Pennsylvania corporation, brought a suit in Pennsylvania against a law firm that represented it in another jurisdiction. The plaintiff had initiated the contact with the non-resident law firm and the dispute involved a controversy in another state. *Id.* at 589. The corporate plaintiff, relying on section 5322(a)(4), alleged that the non-resident defendant committed legal malpractice outside Pennsylvania, which resulted in economic injury to the plaintiff in Pennsylvania. *Id.* at 588. Despite the harm in Pennsylvania, the Third Circuit determined that the non-resident defendant lacked sufficient minimum contacts with Pennsylvania for the exercise of personal jurisdiction. *Id.* at 589.

7

Eubanks has not established that Filipovich had sufficient minimum contacts with Pennsylvania. Eubanks baldly contends that there is specific jurisdiction based upon Filipovich's contacts in Pennsylvania. But, he does not describe what those contacts are or were. He only alleges that these unspecified contacts are "sufficient."[4]

Parsing the amended complaint liberally in favor of Eubanks, it appears that Filipovich's only contact with Pennsylvania is a single email to Eubanks.[5] The amended complaint contains additional allegations as to other email and telephonic communications, but Eubanks does not specify how and where Filipovich made contact with him. Eubanks has not offered any additional facts regarding Pennsylvania contacts. Thus, there is no evidence of the nature and quality of any Pennsylvania contacts that would provide a basis for concluding that Filipovich has the requisite minimal contacts justifying the exercise of personal jurisdiction.

In his memorandum in opposition to Filipovich's motion to dismiss, Eubanks argues that Filipovich "never explain[ed]" why Pennsylvania's long-arm statute does not apply and "precisely how the maintenance of jurisdiction in Pennsylvania will offend traditional notions of fair play and substantial justice."[6] Contrary to the inference that Filipovich had the burden of disproving jurisdiction, it is Eubanks who bears the burden of demonstrating facts establishing a basis for the exercise of jurisdiction. *D'Jamoos*, 566 F.3d at 102. Eubanks' bald assertion that Filipovich has sufficient contacts with Pennsylvania does not meet that burden.

---

[4] Pl.'s Am. Compl. ¶ 3, Doc. No. 11.

[5] "On June 1, 2012, Plaintiff received an email from Defendant in the Commonwealth of Pennsylvania requiring him to call Defendant as soon as possible." Pl.'s Am. Compl. ¶ 19.

[6] Pl.'s Mem. in Resp. to Def.'s Mot. to Dismiss at 9, Doc. No. 20.

Filipovich is a citizen and resident of California. According to Filipovich's undisputed declaration, he does not travel to Pennsylvania.[7] In fact, he has not been in Pennsylvania for more than thirteen years. He has never had face-to-face communications with Eubanks in Pennsylvania. He has not knowingly and intentionally sent any faxes or written correspondence to Eubanks in Pennsylvania. When he had telephonic and electronic communications with Eubanks, he had no knowledge where Eubanks was. Significantly, Eubanks does not contest any of these factual assertions.

Although email and telephone contacts may, in conjunction with other contacts, support the exercise of personal jurisdiction, they are alone insufficient to satisfy due process. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 455 (3d Cir. 2003) (citing *Barrett v. Catacombs Press*, 44 F. Supp. 2d 717, 729 (E.D. Pa. 1999)); accord *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 152 (3d Cir. 1996) (defendant's several informational telephone calls and letters to Pennsylvania do not support assertion of personal jurisdiction); *Sunbelt Corp. v. Noble, Denton & Assocs.,* 5 F.3d 28, 32 (3d Cir. 1993) (holding that a Pennsylvania corporation's contract with a Texas corporation and post-contract telephone and facsimile communications were insufficient to show purposeful availment of the privilege of doing business in Texas, for purposes of the Texas long-arm statute); *Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros.,* 983 F.2d 551, 556 (3d Cir. 1993) (defendant's telephone calls to plaintiff's Pennsylvania office do not show purposeful availment of Pennsylvania's protection); *Langsam-Borenstein P'ship by Langsam v. NOC Enters.,* 137 F.R.D. 217, 220 (E.D. Pa. 1990) ("One visit to this forum . . . and an unspecified number of telephone calls and fax

---

[7] Def.'s Mot. to Dismiss Pl.'s Am. Compl., Ex. B at 2, Doc. No. 12.

transmissions are not enough to comport with due process."). In summary, the "minimal exchange of emails and phone calls [does] not subject the defendant to jurisdiction in the forum state." *Ciolli v. Iravani*, 651 F. Supp. 2d 356, 370 (E.D. Pa. 2009) (citing *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 259 n.2 (3d Cir. 1998)).

In this case, the single email and the telephone conversations between Filipovich and Eubanks, assuming they occurred while Eubanks was in Pennsylvania, are insufficient to demonstrate that Filipovich purposefully directed his conduct at the forum. Filipovich had no control over nor knowledge of where Eubanks was when he sent the email. In the email, Filipovich asked Eubanks to call him as soon as possible. There is no indication that Filipovich knew that Eubanks was in Pennsylvania or purposefully directed this email and any phone calls into Pennsylvania. The email correspondence did not occur within the context of other substantial connections to the forum. Accordingly, Eubanks has not made a *prima facie* showing of personal jurisdiction by producing evidence that Filipovich chose to purposefully avail himself of this forum.

In conclusion, Eubanks has not alleged any contacts by Filipovich with Pennsylvania which demonstrate that he purposefully availed himself of the privilege of conducting activities in Pennsylvania, thereby invoking the benefits and protections of Pennsylvania's laws. Under the circumstances, exercising personal jurisdiction over Filipovich would offend traditional notions of fair play and justice. Therefore, this action will be dismissed for lack of personal jurisdiction.